**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

HANNAH THOMAS, )
)
           Plaintiff, )
)   2:20-cv-980
    vs. )
)
JIM GRYCK, JR., )
)
          Defendant. )

<u>**MEMORANDUM OPINION**</u>

**J. Nicholas Ranjan, United States District Judge**

Before the Court is *pro se* Plaintiff Hannah Thomas's motion for leave to proceed *in forma pauperis*. [ECF 1]. For the reasons explained below, the Court will grant Ms. Thomas leave to proceed without paying fees, but then dismiss her complaint under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. While Ms. Thomas makes several allegations of significant mistreatment by her former employer and co-workers, she has not named her employer (Angelia's) as a defendant or alleged certain key elements of her federal claims. Thus, her complaint must be dismissed.

That said, the Court will provide Ms. Thomas with leave to amend her complaint by **October 19, 2020** to correct the problems identified below. Ms. Thomas can certainly continue to represent herself, which is her right. But, in the Court's view, it may be helpful for her to retain employment counsel to represent her (perhaps on a contingency-fee basis, given her financial status), in light of the nature of her allegations and the complicated procedural requirements for bringing any federal discrimination lawsuit.

<u>**BACKGROUND**</u>

Ms. Thomas moved for leave to proceed *in forma pauperis* on June 30, 2020, attaching a proposed complaint that names one individual as a

defendant—Jim Gryck, Jr.  Mr. Gryck is allegedly the owner of a restaurant, Angelia's, where Ms. Thomas worked for approximately two years.  Her complaint describes a litany of harassing behavior (*e.g.*, groping, lewd comments, etc.) and other mistreatment by various employees and individuals associated with the business, some of which is at least potentially actionable. Based on these allegations, she asserts federal claims under (1) Title VII; (2) the ADA; (3) the Genetic Information Nondiscrimination Act ("GINA"); and (4) the Equal Pay Act.  But she does not name Angelia's as a defendant or allege the number of employees who work at Angelia's.  Nor does she allege that she has ever filed a complaint with the EEOC or exhausted her administrative remedies as to any of her claims before filing this lawsuit.

## STANDARD OF REVIEW

"Plaintiffs filing lawsuits in federal court generally need to pay a filing fee.  But that does not mean the courthouse doors are closed to those who cannot afford it." *Brown v. Sage*, 941 F.3d 655, 657 (3d Cir. 2019).  Under 28 U.S.C. § 1915, indigent plaintiffs can avoid paying fees and costs if they successfully apply to the Court for leave to proceed "*in forma pauperis.*"  *Id.* This statute serves the admirable purpose of ensuring that "no person is barred from pursuing meaningful litigation solely because of an inability to pay administrative court fees." *Id.* at 659 (cleaned up).

At the same time, "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.*  Thus, under 28 U.S.C. § 1915(e)(2)(B), a district court that has granted *in forma pauperis* status to a litigant must review the complaint and dismiss it "if it is frivolous or fails to state a claim." *Picozzi v. Guy Peiagelee & Sons*, 313 F. Supp. 3d 600, 602 (E.D. Pa. 2018).

"Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Id.* at 602. To survive dismissal, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, a complaint that "pleads facts merely consistent with a defendant's liability stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up). This determination is "context-specific," and it "requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 786-87.

In applying the Rule 12(b)(6) standard, courts employ less stringent standards when considering *pro se* pleadings than when judging attorney work product. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Thus, the Court will "liberally construe" Ms. Thomas's pleadings, and "apply the applicable law, irrespective of whether she has mentioned it by name." *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003); *see Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [*pro se*] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.").

## DISCUSSION & ANALYSIS

**I.    The Court grants Ms. Thomas's motion to proceed *in forma pauperis*.**

At the threshold, the Court must evaluate Ms. Thomas's financial status to determine whether she is eligible to proceed without paying fees. The Court

has reviewed Ms. Thomas's representations regarding her finances and, based on those representations, agrees that she is unable to pay fees. While Ms. Thomas does have some limited income and assets, "[a] person need not be absolutely destitute to proceed *in forma pauperis.*" *Hurst v. Shalk*, 659 F. App'x 133, 134 (3d Cir. 2016) (citation omitted). On balance, the Court finds that requiring Ms. Thomas to pay filing fees would impose undue hardship on her and impede her ability to vindicate her rights. Thus, the Court will grant Ms. Thomas's motion and allow her to proceed without paying fees.

## II.   The Court will dismiss Ms. Thomas's complaint for failure to state a claim but grant her leave to file an amended complaint.

Having determined that Ms. Thomas may proceed *in forma pauperis*, the Court must review the complaint and dismiss the matter "if it is frivolous or fails to state a claim." *Picozzi*, 313 F. Supp. 3d at 602; *see* 28 U.S.C. § 1915(e)(2)(B). The Court cannot say that Ms. Thomas's complaint is facially *frivolous*, in that some of the conduct she alleges could be actionable under certain circumstances—such as lewd sexual comments by co-workers and superiors, unwanted groping, an alleged physical assault, and various irregularities regarding the payment of her wages. But the question here is whether she has stated a plausible, federal claim against the defendant she has sued—and she has not.

Ms. Thomas identifies four federal statutes as potential grounds for this Court's jurisdiction over her claims against Mr. Gryck. Those are (1) Title VII; (2) the ADA; (3) the GINA; and (4) the Equal Pay Act. She also appears to assert a state-law assault or battery claim. As currently pled, these claims must be dismissed for the following, independent reasons:

***First***, Ms. Thomas's Title VII, ADA, and GINA claims fail because she has not named her employer, Angelia's, as a defendant. While Defendant

- 4 -

Gryck is allegedly the owner of Angelia's, Ms. Thomas may not assert these claims against Mr. Gryck in his individual capacity. *See Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996) ("Congress did not intend to hold individual employees liable under Title VII."); *Verdecchia v. Douglas A. Prozan, Inc.*, 274 F. Supp. 2d 712, 723 (W.D. Pa. 2003) (Cohill, J.) ("Individual liability under the ADA and ADEA is not available."); *Bumphus v. UniQue Pers. Consultants*, No. 16-312, 2018 WL 1565609, at *4 (S.D. Ill. Mar. 30, 2018) ("[B]ecause GINA incorporates Title VII's definition of 'employer' … the Court finds that it also prohibits the imposition of individual liability.").[1]

To correct these problems, Ms. Thomas must file an amended complaint that names Angelia's as a defendant. In doing so, she must also allege that Angelia's has at least 15 employees. *See Prystawik v. BEGO USA*, No. 13-134, 2013 WL 2383680, at *2 (D.R.I. May 30, 2013) ("Federal anti-discrimination statutes also apply only to employers that have a certain minimum number of employees.") (citations omitted); 42 U.S.C. § 2000e(b) (fifteen employees); 42 U.S.C. § 12111(5)(A) (fifteen employees); 42 U.S.C. § 2000ff(2)(B)(i) (fifteen employees).

---

[1] It is less clear if Ms. Thomas could assert an Equal Pay Act claim against Mr. Gryck in his individual capacity. "Some courts hold that individual supervisors are not liable for Equal Pay Act violations, while others conclude the opposite." *Traylor v. S. Components, Inc.*, No. 18- 0775, 2019 WL 3526358, at *3 (W.D. La. Aug. 1, 2019). But even if it is permitted, an Equal Pay Act claim against an individual supervisor becomes an impermissible "remedial redundancy" when a plaintiff "already ha[s] a claim against the [employer] under the Equal Pay Act." *Suter v. Univ. of Texas at San Antonio*, 495 F. App'x 506, 512 n.4 (5th Cir. 2012). Thus, so long as Ms. Thomas is amending her complaint to add Angelia's as a defendant, she may as well assert all her federal claims against it, rather than Mr. Gryck. And in any event, her Equal Pay Act claim must be dismissed for other reasons, discussed below.

***Second***, Ms. Thomas's Title VII, ADA, and GINA claims must also be dismissed for another reason—she has not alleged that she filed an administrative charge with the EEOC and received a "right to sue" letter in response before filing this lawsuit.  That is a prerequisite to filing suit under all three statutes.[2]  *See Robinson v. Consol Pennsylvania Coal Co. LLC*, 425 F. Supp. 3d 433, 441 (W.D. Pa. 2019) (Ranjan, J.) ("A complainant may not bring a Title VII suit without having first received a right-to-sue letter [from the EEOC]."); *Tlush v. Manufacturers Res. Ctr.*, 315 F. Supp. 2d 650, 654–55 (E.D. Pa. 2002) ("[T]he attainment of a right-to-sue letter from the EEOC is a condition precedent to filing Title VII and ADA suits[.]"); *Yajaira Bezares C. v. The Donna Karan Co. Store LLC*, No. 13-8560, 2014 WL 2134600, at *5 (S.D.N.Y. May 22, 2014) ("[A] private plaintiff alleging genetic discrimination in employment under the GINA must also first file a timely charge with the EEOC.").

To correct this deficiency, Ms. Thomas must allege in her amended complaint that she filed a charge with the EEOC and received a "right to sue" letter from that agency before filing suit.  If she did not yet do those things, she may correct the error by filing a charge with the EEOC now and obtaining a "right to sue" letter before filing an amended complaint in this case.  *See Tlush*, 315 F. Supp. 2d at 654–55 (explaining that "the failure to obtain notice of the right to sue is a curable defect" which may be corrected "by issuance of the letter after the complaint has been filed.").  The Court will provide Ms. Thomas

---

[2] In contrast, Ms. Thomas's claim under the Equal Pay Act "do[es] not have to be exhausted administratively." *Wormack v. Shinseki*, No. 09-916, 2010 WL 2650430, at *10 (W.D. Pa. July 1, 2010) (Fischer, J.); *see Washington Cty. v. Gunther,* 452 U.S. 161, 175 n.14 (1981) ("[T]he Equal Pay Act, unlike Title VII, has no requirement of filing administrative complaints and awaiting administrative conciliation efforts.").

with a longer than usual time period to file an amended complaint, to allow her to proceed through the EEOC process if she has not done so.  If additional time is needed to complete the process, Ms. Thomas may also file a motion requesting an extension.

**Third**, Ms. Thomas's Equal Pay Act claim fails because she has not alleged "that employees of the opposite sex were paid differently for performing 'equal work'—work of substantially equal skill, effort and responsibility, under similar working conditions." *Stanziale v. Jargowsky*, 200 F.3d 101, 107 (3d Cir. 2000).  Instead, she alleges only that Angelia's repeatedly cut her pay, and that Defendant Gryck falsely told her all employees were receiving pay cuts when, in fact, the cuts applied to "only [Ms. Thomas] and 4 other people."  She does not allege that these "4 other people" were also female, or that the unaffected employees were male and performing similar work to that performed by Ms. Thomas.  Without such allegations, it is impossible to discern whether she has a plausible Equal Pay Act claim.

To correct this deficiency, Ms. Thomas must include additional facts in her amended complaint that show she was paid differently than employees of the *opposite sex* who were performing *substantially similar work*.

**Finally**, to the extent Ms. Thomas means to assert assault or battery claims against the individuals she accuses of groping or pushing her, those would be state-law, as opposed to federal-law, claims.  Because the Court has dismissed all of Ms. Thomas's federal claims, it will decline to exercise supplemental jurisdiction over any state-law claims unless and until she manages to state a plausible federal claim in an amended complaint. *See Burnsworth v. PC Lab.*, 364 F. App'x 772, 776 (3d Cir. 2010) ("The District Court may decline to exercise supplemental jurisdiction over a claim if the

- 8 -

district court has dismissed all claims over which it has original jurisdiction.") (cleaned up).

In other words, if Ms. Thomas states any plausible federal claim in her amended complaint, the Court will exercise supplemental jurisdiction over her state-law assault and battery claims at that time. To avoid the dismissal of those claims, Ms. Thomas must also ensure that she names the persons who assaulted her as defendants in her amended complaint.

## CONCLUSION

For these reasons, the Court will dismiss all of Ms. Thomas's claims without prejudice. If she wishes to file an amended complaint to correct the problems identified above, she must do so by **October 19, 2020**.

DATE: July 20, 2020                                      BY THE COURT:

                                                         /s/ *J. Nicholas Ranjan*
                                                         United States District Judge