

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

———————

No. 2:20-cv-980

———————

HANNAH THOMAS,

                                        Plaintiff,

v.

JIM GRYCK, JR.,

                                        Defendant.

———————

**ORDER**

———————

      Plaintiff Hannah Thomas, who is proceeding *pro se*, recently filed a motion for an extension of time to file an amended complaint. This Court previously dismissed her complaint for a few different reasons—that she didn't name her employer as a defendant, that she had not alleged that she exhausted her administrative remedies with the EEOC, and that she had not alleged certain elements of her Equal Pay Act claim.

      In her motion, before requesting an extension of time, Ms. Thomas points out that she attached a "Right to Sue" letter from the EEOC to her original complaint, in which the agency found that there was "reasonable cause" to believe a violation of Ms. Thomas's rights had occurred, but declined to sue on her behalf. The letter was attached with other exhibits and inadvertently overlooked by the Court when issuing its first order. Construing her original

complaint liberally, this would address one of the Court's bases for dismissal (failure to allege exhaustion), and she should attach it again to her amended complaint. However, the other deficiencies identified by the Court must still be addressed.

As for the requested extension of time, the Court finds that Ms. Thomas has shown good cause for a further extension. The deadline for her to file an amended complaint is thus extended until **November 1, 2020**. She may request further extensions closer to that date if necessary.

The Court notes that, given that administrative exhaustion is no longer an issue, Ms. Thomas should be able to file an amended complaint even if she has not yet received her entire EEOC file from the agency or found counsel. Obtaining her entire file is a matter that can be addressed through discovery. And if she finds counsel after amending her complaint, the Court would likely permit that counsel to make any further necessary amendments. However, given that Ms. Thomas has been making diligent efforts to obtain counsel and her difficulty traveling due to a recent hip surgery, the Court finds that a further extension of time is appropriate.

That said, Ms. Thomas is solely responsible for ensuring that her claims are timely filed within the statute of limitations. By granting this extension, the Court makes no determination either way as to whether the statute of limitations has been satisfied, or should be tolled, as to any defendant or potential defendant.

DATED this 30th day of September, 2020.

BY THE COURT:

*/s/ J. Nicholas Ranjan*
United States District Judge