IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HANNAH THOMAS,                                      )
                                                   )     Civil Action No. 2:20-cv-980
                    Plaintiff,                      )
                                                   )
          v.                                       )     HONORABLE J. NICHOLAS RANJAN
                                                   )
ANGELIA'S PIZZA,                                   )
JIM GRYCK, JR., as an aider and abettor,           )
MICHAEL JONES, as an aider and abettor,            )
and PHILIP MAKOFSKE,                               )
as an aider and abettor,                           )     JURY TRIAL DEMANDED
                                                   )
                    Defendants.                    )     Electronically Filed.

<u>AMENDED COMPLAINT IN A CIVIL ACTION</u>

COMES NOW, the Plaintiff, HANNAH THOMAS, by and through her attorneys, LAW

OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI,

ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and files this Amended Complaint in a

Civil Action as follows:

<u>JURISDICTION AND VENUE</u>

1.       This is an action to redress the deprivation by the Defendants of the Plaintiff's civil

rights, and in particular, the right to be free from illegal, invidious and damaging discrimination

and harassment in her employment on account of her sex and/or disability, which right is

guaranteed by the Constitution of the United States and the laws and statutes enacted pursuant

thereto, and in particular, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, <u>et</u> <u>seq.</u> (as

amended) ("Title VII"), the Civil Rights Act of 1991 (as amended) and the Americans with

Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213 ("ADA"), as well as pendent state law

claims.  Declaratory relief is sought under, and by virtue of, Title 28 U.S.C. §§2201 and 2202.

2.      Jurisdiction of this Honorable Court is founded upon Title 28 U.S.C. §§ 1331 and 1343(3), and by Title 42 U.S.C. §2000e.  This Court is empowered to consider the claims outlined in Count II hereto under the doctrine of pendent jurisdiction.

3.      Venue is proper under 28 U.S.C.A. § 1391(b).  All claims set forth herein arose in the Western District of Pennsylvania and the Plaintiff resides in the Western District of Pennsylvania.

4.      Plaintiff has satisfied all procedural and administrative requirements set forth in Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5, and in particular:

     a.      Plaintiff filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") on or about October 28, 2019, and said charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC");

     b.      The EEOC issued a Notice of the Right to Sue dated March 30, 2020 stating that the EEOC found that there was "reasonable cause" to believe a violation of Plaintiff's rights had occurred, but declined to sue on her behalf (see Exhibit A); and

     c.      Plaintiff's Complaint was timely filed within 90 days of Plaintiff's receipt of the Notice of Dismissal and Right to Sue.

## PARTIES

5.      Plaintiff, Hannah Thomas, is an adult female individual with a residence in Allegheny County, Pennsylvania.

6.      Defendant, Angelia's Pizza ("Angelia's"), is a Pennsylvania business corporation owned and operated by Defendant Jim Gryck, Jr. and located at 202 Moon Clinton Road, Coraopolis, Pennsylvania 15108.

7.      At all times relevant hereto, Defendant Angelia's was acting through its partners, directors, agents, subsidiaries, officers, employees and assigns within the full scope of their

respective agency, office, employment or assignment.  Defendant Angelia's is, and at all times relevant to this Complaint has been, an employer in an industry affecting commerce within the meaning of Section 701(b) of the Civil Rights Act of 1966 and 42 U.S.C. Section 2000e-5(3), and is thus covered by the provisions of Title VII of the Civil Rights Act of 1991.

8.      Defendant, Jim Gryck, Jr. ("Gryck"), an aider and abettor, is an adult male individual with a residence in Pennsylvania.  At all times relevant to this matter, Defendant Gryck was the owner of Defendant Angelia's and exercised the powers of his authority to discriminate against the Plaintiff and ratify the sexually hostile work environment. Defendant Gryck is the brother-in-law of Defendant Jones.

9.      Defendant, Michael Jones ("Jones"), an aider and abettor, is an adult male individual with a residence in Pennsylvania.  At all times relevant to this matter, Defendant Jones was an employee of Defendant Angelia's holding supervisory powers over the Plaintiff and exercised the powers of his authority to discriminate against and harass the Plaintiff for an improper and unlawful purpose. Defendant Jones is the brother-in-law of Defendant Gryck.

10.     Defendant, Philip Makofske ("Makofske"), an aider and abettor, is an adult male individual with a residence in Pennsylvania.  At all times relevant to this matter, Defendant Makofske was the manager of Defendant Angelia's and exercised the powers of his authority to aid in the discrimination of the Plaintiff and ratify the sexually hostile work environment, as described herein.

<u>FACTUAL ALLEGATIONS</u>

11.     Plaintiff suffers from an anxiety disorder, chronic depression disorder and post-traumatic stress disorder.

12.     Plaintiff was employed by Defendant Angelina's from on or about July 9, 2017 until her unlawful termination in or about July 21, 2019.  At the time of her termination, Plaintiff held the position of head cook.

13.     Throughout the course of her employment with Defendant Angelia's, Plaintiff was subjected to an ongoing sexually hostile work environment and sexual harassment by other employees, including, but not limited to, Defendant Jones.

14.     For example, while the Plaintiff worked in the kitchen of Defendant Angelia's, another employee, Dylan LNU, regularly touched the Plaintiff's buttocks without provocation, justification or the Plaintiff's consent.

15.     Plaintiff reported Dylan LNU's conduct, as described hereinbefore above, to Defendant Makofske.

16.     Defendant Makofske responded to the Plaintiff's complaint by informing the Plaintiff that he believed this repeated conduct was accidental and took no action to prevent further harassment and/or reprimand Dylan LNU.

17.     On one occasion, Dylan LNU told the Plaintiff that he liked her buttocks and asked her to "shake it for him" in the basement of Defendant Angelia's.

18.     Plaintiff reported Dylan LNU's statements, as described hereinbefore above, to Defendant Makofske.  Defendant Makofske responded "I don't want to deal with this."

19.     This harassment by Dylan LNU continued until in or about November of 2017.  At that time, Dylan LNU quit his position at Defendant Angelia's.

20.     Plaintiff also suffered repeated and pervasive harassment by Defendant Jones.

21.    This harassment by Defendant Jones included, but was not limited to, making sexually harassing statements to and about the Plaintiff and physically assaulting the Plaintiff on a regular basis.

22.    Defendant Jones' harassing statements to the Plaintiff included, but were not limited to:

    a.    "It's not sexual harassment if you like it."

    b.    "What color nipples do you have? Are they brown or pink? How big are they?"

    c.    "I'm always checking your butt out, but I can't figure out what underwear you are wearing.  I think you aren't wearing any.  I like it."

23.    Defendant Jones regularly and intentionally touched the Plaintiff buttocks multiple times throughout her work shift, without provocation, justification or the Plaintiff's consent.

24.    Defendant Jones' inappropriate and unlawful behavior caused the Plaintiff extreme emotional distress.

25.    Plaintiff reported Defendant Jones' sexually harassing behavior, as more fully described hereinbefore above, to Defendant Makofske on multiple occasions.

26.    Each time the Plaintiff made a complaint about Defendant Jones to Defendant Makofske, Defendant Makofske failed to reprimand Defendant Jones and/or report the sexual harassment to Defendant Gryck.

27.    As a direct result of the failures by Defendant Makofske, as more fully described hereinbefore above, the sexually hostile environment, harassment and assaults continued.

28.    Thereafter, Plaintiff reported the ongoing sexual harassment by Defendant Jones to Defendant Gryck.

29.     At that time, Defendant Gryck expressed to the Plaintiff that he was never informed of Defendant Jones' inappropriate behavior by Defendant Makofske or any other individual.

30.     Defendant Jones, at the request of Defendant Gryck, then contacted the Plaintiff to apologize for his inappropriate and unlawful behavior.  At that time, Defendant Jones maintained that the Plaintiff had "misunderstood" him.

31.     Defendant Jones was not reprimanded in any way for his inappropriate and unlawful behavior.

32.     Defendants Angelia's, Gryck and Makofske's plan, pattern and/or practice of indifference towards Defendant Jones' illegal conduct, as more fully described hereinbefore above, ratified the sexually hostile work environment for female employees, including the Plaintiff.

33.     Defendants Angelia's, Gryck and Makofske's decision to allow Defendant Jones' conduct to continue without repercussion directly placed the Plaintiff, and other female co-workers, at risk of continued sexual assault and harassment and created a sexually hostile work environment.

34.     Plaintiff continued to work with Defendant Jones and continued to be subjected to a sexually hostile work environment and sexual harassment by Defendant Jones.

35.     Numerous other employees of the Defendant Angelia's, in addition to those named herein, were aware of and/or witnessed Defendant Jones' inappropriate and offensive behavior.

36.     Plaintiff believes and therefore avers, that she was treated less favorably than male employees, in that male employees were not subjected to sexual harassment and a sexually hostile work environment.

37.     In or about March of 2018, Plaintiff was told that she would receive an hourly wage of $13.00 per hour.  Plaintiff instead received hourly wages of $12.75 per hour and $12.50 per hour.

38.     Plaintiff began to receive an hourly wage of $13.00 per hour in or about June of 2018.

39.     The following pay period, Plaintiff received an hourly wage of $12.75 per hour.  No valid explanation was given by Defendant Angelia's for this cut in pay.

40.     Thereafter, Plaintiff received an hourly pay rate of $14.00 per hour in or about August of 2018.  However, the Plaintiff received $13.50 per hour the following pay period.  No valid reason was given by Defendant Angelia's for this cut in pay.

41.     Plaintiff continued to receive cuts to her pay rate sporadically and without any valid explanation by Defendant Angelia's.

42.     As more fully described hereinbefore above, Defendant Angelia's repeatedly and unlawfully failed to pay the Plaintiff her allotted hourly wages.

43.     On or about July 19, 2019, during an argument with the Plaintiff, Defendant Makofske aggressively pushed the Plaintiff with his body and forcibly placed his hands on the Plaintiff's wrist.

44.     This physical assault on the Plaintiff caused the Plaintiff to experience extreme anxiety.

45.     Plaintiff contacted Defendant Gryck and reported Defendant Makofske's inappropriate behavior.

46.     Plaintiff informed Defendant Gryck that she did not feel comfortable or safe returning to work that day and requested to leave the premises as a direct result of Defendant Makofske's actions and their effect on her existing mental health diagnoses.

47.     At that time, Defendant Gryck mocked the Plaintiff's mental health diagnoses and yelled profanities at the Plaintiff.

48.     Thereafter, Plaintiff left work and experienced an anxiety attack.

49.     On or about July 21, 2019, Plaintiff received a text message from Defendant Makofske informing her that she was terminated from her position with Defendant Angelia's.

50.     The reason given for the Plaintiff's termination was that the Plaintiff left her shift and failed to return to work as scheduled.  This reason is pretextual and unworthy of belief.

51.     Several other male employees of Defendant Angelia's and/or employees of Defendant Angelia's without disabilities have engaged in physical fighting while at Defendant Angelia's, left work shifts early and/or failed to work as scheduled.

52.     These individuals were not terminated and/or reprimanded in any way for this behavior by Defendant Angelia.

53.     Plaintiff believes, and therefore avers, that she was terminated due to her sex, female, her mental disability, and/or in retaliation for her repeated reports of the sexually hostile work environment at Defendant Angelia's.

54.     As a direct result of the Defendants' actions, and each of them, Plaintiff suffered from severe emotional distress and anxiety attacks which manifested into physical health issues, including, but not limited to, significant weight loss, physical pain and an exacerbation of the Plaintiff's arthritis.

55.     Furthermore, the severe emotional distress the Plaintiff experienced, as a direct result of the Defendants' unlawful actions, caused the Plaintiff physical pain which was so severe that the Plaintiff visited a chiropractor for seven (7) months.

COUNT I:

PLAINTIFF v. DEFENDANT ANGELINA'S

<u>SEXUAL (GENDER) DISCRIMINATION</u>

56.     Plaintiff incorporates by reference Paragraphs 1 through 55 as though fully set forth at

length herein.

57.      As described hereinbefore above, Plaintiff was subjected to a sexually hostile work environment on the basis of her sex and treated less favorably than male employees.

58.      As a direct result of the Defendants' discriminatory and harassing actions in violation of Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991, the Plaintiff has incurred counsel fees and other costs in pursing her legal rights.

59.      Additionally, the Plaintiff has suffered emotional, psychological and physical distress, inconvenience, loss of reputation, humiliation and embarrassment as a direct result of the Defendants' discriminatory conduct as described above.

60.      The actions of the Defendants were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

61.      The actions on part of the Defendants are part of a plan, practice or pattern of discrimination which may affect others who are similarly situated to the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a.      that the Court enter a judgment declaring the Defendants' actions to be unlawful and violative of the Title VII of the Civil Rights Acts of 1964 and 1991, as amended;

b.      that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendants' unlawful conduct plus interest from the date of discrimination;

c.      that the Court award the Plaintiff compensatory and punitive damages as a result of the Defendant Angelia's violation of the Civil Rights Act of 1991;

d.      that the Court order Defendant Angelia's to return the Plaintiff to the position she held before she was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order Defendant Angelia's to pay the Plaintiff front pay equivalent to her lost salary, salary raises, fringe benefits and all

other rights to which she would have been entitled but for the Defendants' discriminatory conduct;

e.     that the Court award the Plaintiff pre-judgment and post judgment interest from the date of the discrimination;

f.     that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

g.     that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED.

COUNT II:

PLAINTIFF v. DEFENDANT ANGELIA'S

<u>SEXUAL HARASSMENT</u>

62.     Plaintiff incorporates by reference Paragraphs 1 through 61 as though fully set forth at length herein.

63.     As described hereinbefore above, Plaintiff was subjected to sexual harassment and multiple assaults by Defendant Jones.

64.     Although Plaintiff made frequent and multiple complaints to Defendant Angelia's through Defendant Makofske and Defendant Gryck the conduct to which she was subjected, Defendant Angelia's did not take any purposeful remedial action.

65.     Defendant Angelia's decision to allow Defendant Jones to work without repercussion directly placed the Plaintiff, and other female co-workers, at risk of sexual assault and harassment and created a sexually hostile work environment.

66.     Defendants Gryck and Makofske were aware of the above-described conduct and through their actions and inactions condoned this hostile work environment.

67.     As a direct result of the sexually hostile work environment in violation of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991, the Plaintiff has been forced to endure pain, suffering, humiliation, inconvenience, stress, anguish and mental and emotional distress.

68.     Defendants' actions as aforementioned were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

69.     The actions on the part of the Defendants are part of a plan, pattern or practice of sexually harassing and/or discriminating against female employees in the type and manner described above which may affect others similarly situated to the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a.      that the Court enter a judgment declaring the Defendants' actions to be unlawful and violative of the Title VII of the Civil Rights Acts of 1964 and 1991, as amended;

b.      that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendants' unlawful conduct plus interest from the date of discrimination;

c.      that the Court award the Plaintiff compensatory and punitive damages as a result of the Defendant Angelia's violation of the Civil Rights Act of 1991;

d.      that the Court order the Defendant Angelia's to return the Plaintiff to the position she held before she was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order Defendant Angelia's to pay the Plaintiff front pay equivalent to her lost salary, salary raises, fringe benefits and all other rights to which she would have been entitled but for the Defendants' discriminatory conduct;

e.      that the Court award the Plaintiff pre-judgment and post judgment interest from the date of the discrimination;

f.      that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

g.      that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT III:

PLAINTIFF v. DEFENDANT ANGELIA'S

<u>RETALIATION</u>

70.     Plaintiff incorporates by reference Paragraphs 1 through 69 as though fully set forth at length herein.

71.      As described hereinbefore above, Plaintiff was retaliated against for engaging in the protected activity of reporting a sexually hostile work environment and sexual harassment, as more fully described hereinbefore above.  Defendant Angelia's retaliatory conduct included, but was not limited to, terminating the Plaintiff from her position.

72.     As a direct result of Defendant Angelia's retaliatory actions in violation of Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991, the Plaintiff has lost wages and other economic benefits of her employment with Defendant Angelia's.  In addition, the Plaintiff has incurred counsel fees and other costs in pursuing her legal rights.

73.     Additionally, the Plaintiff has suffered emotional, psychological and physical distress, inconvenience, loss of reputation, humiliation and embarrassment as a direct result of the Defendant Angelia's discriminatory conduct as described above.

74.     The actions of the Defendant Angelia as aforementioned were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

75.     The actions on the part of the Defendant Angelia's are part of a plan, practice or pattern of discrimination, which affects others who are similarly situated to the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a.      that the Court enter a judgment declaring Defendant Angelia's actions to be unlawful and violative of the Title VII of the Civil Rights Acts of 1964 and 1991, as amended;

b.      that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant Angelia's unlawful conduct plus interest from the date of discrimination;

c.      that the Court award the Plaintiff compensatory and punitive damages as a result of the Defendant Angelia's violation of the Civil Rights Act of 1991;

d.      that the Court order the Defendant Angelia's to return the Plaintiff to the position she held before she was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order Defendant Angelia's to pay the Plaintiff front pay equivalent to her lost salary, salary raises, fringe benefits and all other rights to which she would have been entitled but for Defendant Angelia's discriminatory conduct;

e.      that the Court award the Plaintiff pre-judgment and post judgment interest from the date of the discrimination;

f.      that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

g.      that the Court grant the Plaintiff such additional relief as may be just and proper.

                                                                JURY TRIAL DEMANDED

COUNT IV:

PLAINTIFF v. DEFENDANT ANGELIA'S

AMERICANS WITH DISABILITIES ACT

76.     Plaintiff incorporates by reference Paragraphs 1 through 75 as though fully set forth at length herein.

77.     This is a proceeding under the Americans with Disabilities Act for declaratory judgment as to the Plaintiff's rights, and for a permanent injunction restraining Defendant Angelia's from maintaining a policy, practice, custom or usage of discrimination against the Plaintiff because of a disability with respect to her ability to perform the necessary functions of her employment, and further, with respect to the terms, conditions and privileges of that employment, in such ways and by such means so as to deprive, as the Defendant has deprived the Plaintiff, of equal employment status because of a disability or a perceived disability.  This Count also seeks restoration to the Plaintiff of all rights, privileges, benefits and income that she would have received but for the Defendant's unlawful and discriminatory practices, and a make whole remedy to compensate her for her injuries, losses and damages together with such exemplary, punitive, compensatory and liquidated damages as are provided by law.

78.     Plaintiff believes, and therefore avers, that she was maliciously, willfully and intentionally discriminated against, and/or treated with reckless indifference to her rights under the law, in the terms and conditions of her employment because of a disability and/or a perceived disability in that she was discriminated against when Defendant Gryck openly mocked the Plaintiff's disability, as described hereinbefore above, and when the Plaintiff was terminated shortly thereafter.

79.     As a result of the Defendants' discriminatory actions, Plaintiff has been substantially and illegally harmed, and suffered large and continuing financial losses, deprivation of employment, benefits, prerequisites, and fair treatment, and has suffered continuing emotional and physical distress and injury, embarrassment and humiliation caused by Defendant Angelia's, its owner, managers, supervisors, employees, agents, attorneys and/or other officials.

80.     The actions of the Defendant Angelia's in denying Plaintiff an equal opportunity to continue and advance in her employment with Defendant Angelia's without discrimination constitutes a violation of the ADA.

81.     Plaintiff has no other plain, adequate or complete remedy at law to redress the wrongs done to her by Defendant Angelia's and this suit for injunctive and other relief is her only means of securing just and adequate redress and relief.  Moreover, Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant Angelia's disability discrimination policies, practices, customs and usages as set forth herein until and unless the same are enjoined by the Court.

WHEREFORE, Plaintiff requests the following:

a.      that the Court enter a judgment declaring the Defendants' actions to be unlawful and violative of the ADA;

b.      that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendants' unlawful conduct plus interest from the date of discrimination;

c.      that the Court award the Plaintiff compensatory and punitive damages as a result of Defendant Angelia's violation of the ADA;

d.      that the Court order Defendant Angelia's to award the Plaintiff the position she held before she was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order Defendant Angelia's to pay the Plaintiff front pay equivalent to her lost salary, salary raises, fringe benefits and all other rights to which she would have been entitled but for the Defendants' discriminatory conduct;

e.      that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination;

f.      that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

g.      that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT V:

PLAINTIFF v. ALL DEFENDANTS

<u>PENNSYLVANIA HUMAN RELATIONS ACT</u>

82.    Plaintiff incorporates Paragraphs 1 through 81 as though fully set forth at length herein.

83.    As set forth above, the Defendants have discriminated against the Plaintiff because of her sex in violation of the Pennsylvania Human Relations Act, 43 Pa C.S.A Section 955(a).

84.    As described hereinbefore above, Plaintiff was subjected to a sexually hostile work environment and harassment by Defendant Jones.  Such conduct ultimately led to the Plaintiff's injuries and damages set forth at length above.

85.    As described hereinbefore above, Defendants Gryck and Makofske were aware of the sexually hostile work environment, sexual harassment and physical assaults at Defendant Angelia's, failed to reprimand Defendant Jones in any way and used their supervisory powers to ratify the sexually hostile work environment.

86.    As described hereinbefore above, Plaintiff was also discriminated against by Defendant Angelia's for her disability.

87.    As a direct result of the Defendants' discriminatory actions and violations of the PHRA, the Plaintiff has and or will incur counsel fees and other costs in pursing her legal rights.  The Plaintiff has also suffered from physical and emotional distress, inconvenience, humiliation, apprehension and stress.

16

88.     The actions on the part of the Defendants were intentional and willful and/or done with a

reckless disregard of the Plaintiff.

        WHEREFORE, Plaintiff requests the following:

a.      that the Court enter a Judgment declaring the Defendants' actions to be
        unlawful and violative of the PHRA;

b.      that the Court award the Plaintiff liquidated damages in an amount equal to
        the pecuniary losses sustained as a result of the Defendants' willful
        violation of PHRA;

c.      that the Court award the Plaintiff compensatory damages as a result of
        Defendants' actions being unlawful and violative of the PHRA;

d.      that the Court award the Plaintiff pre-judgment and post-judgment interest
        from the date of the discrimination;

e.      that the Court award the Plaintiff reasonable attorneys' fees and costs of this
        action; and

f.      that the Court grant the Plaintiff such additional relief as may be just and
        proper.

                                                              JURY TRIAL DEMANDED

                                    COUNT VI:

                   PLAINTIFF v. DEFENDANT ANGELIA'S

                         43 P.S. § 260.1, *et. al.*

                WAGE PAYMENT AND COLLECTION LAW

89.     Plaintiff incorporates Paragraphs 1 through 88 as though fully set forth at length herein.

90.     As more fully described hereinbefore above, Defendant Angelia's repeatedly and

unlawfully failed to pay the Plaintiff her allotted hourly wages.

91.     This compensation, as described hereinbefore above, remain due and payable to the

Plaintiff in violation of Pennsylvania's Wage Payment and Collection Law, 43 P.S. § 260.1, *et.*

*al.*

                                          17

WHEREFORE, the Plaintiff requests that this Honorable Court enter a judgement directing Defendant Angelia's to compensate the Plaintiff for all wages it failed to pay the Plaintiff.

JURY TRIAL DEMANDED

COUNT VII:

PLAINTIFF v. DEFENDANT JONES

VIOLATION OF PLAINTIFF'S
PENNSYLVANIA COMMON LAW RIGHTS

<u>ASSAULT AND BATTERY</u>

92.     Plaintiff incorporates Paragraphs 1 through 91 as though fully set forth at length herein.

93.     As described hereinbefore above, Defendant Jones did, on multiple occasions, unlawfully and intentionally touch, assault and commit a battery upon the Plaintiff's person by the physical contact by Defendant Jones on the Plaintiff's buttocks.

94.     Defendant Jones knew or should have known that such contact was illegal and/or improper and/or done without the permission of Plaintiff and that Plaintiff did not consent to any such intentional contact.

95.     Plaintiff was harmed and offended by that contact.

96.     The actions on the part of the Defendant were intentional and willful and/or done with a reckless disregard of the Plaintiff, thereby subjecting Defendant Jones to punitive damages.

97.     As a direct and proximate result of the acts mentioned hereinbefore above perpetrated by Defendant Jones, Plaintiff suffered the following injuries and damages:

      a.     Plaintiff's rights under the common law of the Commonwealth of Pennsylvania were violated;

      b.     Plaintiff suffered physical pain and suffering;

    c.      Plaintiff suffered fright, horror and shock;

    d.      Plaintiff suffered severe emotional and psychological trauma; and

    e.      Plaintiffs suffered economic damages related to any and all consequential cost.

WHEREFORE, Plaintiff demands compensatory general damages against Defendant Jones, in the amount proven at trial; compensatory special damages including, but not limited to, medical expenses; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgement interest as permitted by law; punitive damages; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT VIII:

PLAINTIFF v. DEFENDANT MAKOFSKE

VIOLATION OF PLAINTIFF'S
PENNSYLVANIA COMMON LAW RIGHTS

<u>ASSAULT AND BATTERY</u>

98.    Plaintiff incorporates Paragraphs 1 through 97 as though fully set forth at length herein.

99.    As described hereinbefore above, Defendant Makofske did unlawfully and intentionally touch, assault and commit a battery upon the Plaintiff's person by the aggressive physical contact by Defendant Makofske on the Plaintiff, as more fully described hereinbefore above.

100.    Defendant Makofske knew or should have known that such contact was illegal and/or improper and/or done without the permission of Plaintiff and that Plaintiff did not consent to any such intentional contact.

101.    Plaintiff was harmed and offended by that contact.

102.    The actions on the part of the Defendant were intentional and willful and/or done with a reckless disregard of the Plaintiff, thereby subjecting Defendant Makofske to punitive damages.

103.    As a direct and proximate result of the acts mentioned hereinbefore above perpetrated by Defendant Makofske, Plaintiff suffered the following injuries and damages:

       a.    Plaintiff's rights under the common law of the Commonwealth of Pennsylvania were violated;

       b.    Plaintiff suffered physical pain and suffering;

       c.    Plaintiff suffered fright, horror and shock;

       d.    Plaintiff suffered severe emotional and psychological trauma; and

       e.    Plaintiffs suffered economic damages related to any and all consequential cost.

WHEREFORE, Plaintiff demands compensatory general damages against Defendant Makofske, in the amount proven at trial; compensatory special damages including, but not limited to, medical expenses; costs of suit; reasonable attorney's fees as permitted by law; pre- and post- judgement interest as permitted by law; punitive damages; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiff*

Law Offices of Joel Sansone
Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated: October 30, 2020